## JULY, 1909.

J. P. HUNTER ET AL. v. J. O. WALLACE.

Decided July 1, 1909.

**Contract—Forfeit—Stakeholder.**

H. entered into a contract in writing to sell to W. a certain tract of land at a certain price and upon certain terms, the transaction to be closed or consummated by a certain date; this contract together with $1,000, being part of the cash payment to be made, was deposited with a bank as a stakeholder; at the time named for the consummation of the transaction, H. had failed to perfect the title to the land involved, and the bank, during the absence of W. from the county paid the $1,000 to H.; held, that under the terms of the contract, W. was not bound after the date named for closing the transaction, and that the bank was liable to W. for the money paid to H.

Appeal from the District Court of Collin County. Tried below before Hon. J. M. Pearson.

*Abernathy, Abernathy & Abernathy,* for appellants.

*H. L. Davis* and *Smith & Wilcox,* for appellee.—It was the duty of the court to interpret the contract and interpret what the parties meant by the stipulation, "Provided said J. P. Hunter shall make clear title to the land as above," and it was the duty of the court to consider the construction placed upon the contract by the parties themselves and their method of operating under it in the way of performance of such stipulation, as an aid to its interpretation, and the undisputed proof shows from the acts of the parties themselves that it was intended that the defendant Hunter should make a clear record title on January 1, 1906. Gulf, C. & S. F. Ry. Co. v. Schawe, 55 S. W., 360; Cleburne Water & Ice Co. v. City of Cleburne, 13 Texas Civ. App., 141; 9 Cyc., pp. 588-9, note 45, and authorities there cited.

The construction should be most strongly construed against the defendant Hunter. 9 Cyc., 590 (J).

RAINEY, CHIEF JUSTICE.—Appellee, Wallace, brought this suit against the appellants, Hunter and the First National Bank of Farmersville, to recover the sum of $1,000.

Wallace and Hunter entered into the following contract, viz.: "Copeville, Texas, October 17, 1905. Know all men by these presents that I, J. P. Hunter, have on this day sold to J. O. Wallace 100 acres of land, same being the east 100 acres of my home place; consideration $6,500 (sixty-five hundred dollars), $1,000 paid this day to be left at the First National Bank at Farmersville, Texas, as a forfeit provided said Wallace should fail to take the above 100 acres of land and pay $2,200, with the $1,000 paid today, on the 1st day of January, 1906; balance to be paid in five annual equal payments, interest 8 percent per annum. These notes or balance shall draw interest from this 17th day of October, 1905. Should said J. O. Wallace comply with this contract, above $1,000 shall be as part payment on above land, and should he fail it shall be forfeited for the failure to comply with same, provided said Hunter shall make clear title to land as above. Witness our hands to above agreement this 17th day of October, 1905."

In pursuance of said contract the sum of $1,000, together with the said contract, was placed in escrow with the bank. On January 1, 1906, Hunter was unable to make Wallace a clear title to the land. Wallace, knowing that Hunter could not make him a clear title to the land, left Collin County on December 31, 1905, and remained away until the following April. In the meantime the bank paid over said $1,000 to J. P. Hunter. Wallace on January 1, 1906, was willing and able to complete his part of the contract.

Complaint is made that the court erred in permitting Wallace to testify that Hunter was to furnish him an abstract of title to the land. The contention is that said evidence adds to and changes the written contract. We think this evidence was legitimate, but if not so, Hunter is in no attitude to complain, for at the time of the making of said contract he furnished Wallace with an abstract of the title to said land for the purpose of an investigation of said title, which was placed in the hands of an attorney, who pointed out to Hunter certain defects in said title, which defects Hunter promised to cure, but he never did until after January 1, 1906, if at all.

Under the facts of this case we are of the opinion that Wallace was not bound by said contract after January 1, 1906, Hunter not being able at that time to make him a clear title to said land, and the bank having notice of the purpose for which said money was deposited with it had no right to pay it over to Hunter, and by so doing it became liable to Wallace therefor.

As neither Hunter nor the bank were entitled to hold said money as against Wallace, the judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.